UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTER BURCH, | : | |
| | : | |
| Plaintiff, | : | No.: 1:25-CV-01640-JPW |
| v. | : | |
| | : | |
| CITY OF HARRISBURG | : | **Jury Trial Demanded** |
| BUREAU OF POLICE OFFICER | : | |
| MARC HOWELL et al. | : | |
| Defendants. | : | |

## **DEFENDANTS' OFFICER KREISER, COMMISSIONER CARTER and CORPORAL RESTREPO'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

Defendants, Officer Kreiser, Commissioner Carter, and Corporal Restrepo, ("Moving Defendants") by and through their undersigned Counsel, Bellwoar Kelly, LLP, file this Motion to Dismiss Plaintiff's Complaint (ECF #1) and in support thereof aver as follows:

1. Plaintiff, Carter Burch ("Plaintiff" or "Burch") commenced this civil rights lawsuit against all Defendants on September 3, 2025 asserting §1983 claims in the nature of 4th Amendment violations (Excessive Force); Failure to Intervene and Supervisory Liability; along with a state law claim for Assault and Battery.

2. All Defendants are sued in their individual capacity.

3. Burch asserts the following claims against the Moving Defendants:

- Fourth Amendment: Excessive Force (v. Cpl. Restrepo) (Count I)

- §1983 Failure to Intervene (v. Off. Kreiser) (Count II)

- §1983 Supervisory Liability (v. Comm. Carter) (Count III)

- Assault and Battery (v. Cpl. Restrepo) (Count IV)

4. As it relates to the Failure to Intervene Claim against Officer Kreiser, only, Burch's allegations fail to meet the necessary elements of a meritorious claim. (Count II).

5. More specifically, "an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 651 (3rd Cir. 2002).

6. A review of the Complaint fails to reveal any facts that would support a plausible claim against Officer Kreiser, requiring this Court to dismiss the Failure to Intervene Claim against her as a matter of law. This is especially true where Burch's allegations against Officer Kreiser relate to her actions with Plaintiff's sister, without any allegations of her realistic and reasonable opportunity to intervene. See, Cmplt. ECF1.

7. Plaintiff's Supervisory capacity claim against Commissioner Carter likewise fails to assert a plausible claim for relief. (Count III).

8. Different from a *Monell* claim, a §1983 Supervisory Liability claim requires a plaintiff to plead that Commissioner Carter directed others to violate Burch's rights; in addition to establishing a causal connection between

Commissioner Carter's alleged direction and resulting violation. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3rd Cir. 2010).

9. Plaintiff's allegations fail to assert a plausible claim for relief as there are no well-pled allegation to support that Commissioner Carter had knowledge or acquiesced in the subordinate officers' conduct related to Plaintiff. Rather, plaintiff relies upon bald assertions of "known risks", which fail to support a supervisory capacity claim.

10. Likewise, the allegations supporting alleged excessive force and assault and battery claims against Corporal Restrepo must be dismissed.

11. An officer is permitted to use that force which is necessary to effectuate an arrest. 18 Pa.C.S.A. 508.

12. The allegations against Cpl. Restrepo fail to support the use of excessive force in handcuffing Burch.

13. Accordingly, both the Excessive Force and state law Assault and Battery claims (Counts I and IV) against Cpl. Restrepo must be dismissed as a matter of law.

14. Alternatively, the Moving Defendant Officers are entitled to Qualified Immunity.

15. For the reasons set forth herein; and in the supporting Memorandum of Law to be filed in accordance with Local Rule 7.5, all claims against Defendants

Cpl. Restrepo, Officer Kreiser and Commissioner Carter must be dismissed, as a matter of law.

16. As set forth in the attached Certification, counsel discussed the issues asserted herein, but did not consent to dismissal of any of the asserted claims at this time.

Wherefore, Defendants Cpl. Restrepo, Officer Kreiser and Commissioner Carter respectfully request that this Court dismiss all claims against them as a matter of law, together with costs of suit, attorney's fees, and any other relief that this court deems appropriate under the circumstances.

**BELLWOAR KELLY LLP**

Date: November 7, 2025    By:   */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendants Commissioner
Carter, Cpl. Restrepo and Officer Kreiser
126 W. Miner Street, #1
West Chester, PA  19382
(p) 610-314-7066
sbrown@bellwoarkelly.com

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTER BURCH, | : | |
| Plaintiff, | : | No.: 1:25-CV-01640-JPW |
| v. | : | |
| CITY OF HARRISBURG BUREAU OF POLICE OFFICER MARC HOWELL et al. | : | **Jury Trial Demanded** |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that on this day a true and correct copy of the Defendants, Police Commissioner Carter, Cpl. Restrepo and Officer Kreiser's Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) was served via electronic filing addressed as indicated:

Scott P. Stedjan, Esquire  
Killian & Gephart, LLP  
218 Pine Street  
Harrisburg, PA 17101

Christopher P. Gerber, Esquire  
Lamb McErlane PC  
24 E. Market St. PO Box 565  
West Chester, PA 19381

**BELLWOAR KELLY LLP**

Date: November 7, 2025

By: **/s/ Sheryl L. Brown**
Sheryl L. Brown, Esquire, I.D. #59313
Attorney for Defendants Commissioner Carter, Cpl. Restrepo and Officer Kreiser
126 W. Miner Street, #1
West Chester, PA 19382
(p) 610-314-7066
sbrown@bellwoarkelly.com