IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTER BURCH, | : | |
|           Plaintiff | : | Civil Action No: 1:25-cv-01640 |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF HARRISBURG | : | ELECTRONICALLY FILED |
| BUREAU OF POLICE | : | |
| OFFICER MARC HOWELL, | : | |
| OFFICER ESTEBAN RESTREPO, | : | |
| OFFICER CYNTHIA KREISER, | : | |
| and POLICE COMMISSIONER | : | |
| THOMAS CARTER, | : | |
|           Defendants | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF
DEFENDANT POLICE OFFICER MARC HOWELL
TO PLAINTIFF'S COMPLAINT**

Defendant, Police Officer Marc Howell, by and through his undersigned counsel, hereby answers Plaintiff's Complaint and states the following Affirmative Defenses as follows:

## I. PRELIMINARY STATEMENT

1. Denied.

2. Admitted in part, denied in part. It is admitted only that Officer Howell reasonably placed Plaintiff in handcuffs during the course of a lawful arrest.

3. Denied.

## II. JURISDICTION AND VENUE

4. Denied.

5. Denied.

6. Answering Defendant does not dispute jurisdiction, but denies any and all liability to the Plaintiff.

7. Answering Defendant does not object to the venue, but denies any and all liability to the Plaintiff.

### III. PARTIES

8. Admitted upon information and belief.

9. Admitted in part, denied in part. It is admitted only that Officer Marc Howell was an employee of the City of Harrisburg Bureau of Police holding the rank of Police Officer on March 15, 2025; however, all claims contained in the complaint against Officer Howell are specifically denied.

10. Denied. The allegations contained in this Paragraph refer to a Defendant other than Answering Defendant and are therefore denied.

11. Denied. The allegations contained in this Paragraph refer to a Defendant other than Answering Defendant and are therefore denied.

12. Denied. The allegations contained in this Paragraph refer to a Defendant other than Answering Defendant and are therefore denied.

13. It is admitted only that Officer Howell was acting within the scope of his employment and under color of state law on the date of the alleged incident. However, all claims against Officer Howell are denied.

14. Denied.

## IV. STATEMENT OF FACTS

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted.

23. Denied.

24. Denied.

25. Denied as stated. It is admitted only that Officer Howell took reasonable measures to separate the Plaintiff from other persons based upon the officer's observations of Plaintiff's behavior and the totality of circumstances known to the officer at the time of the encounter. The balance of the allegations are denied.

26. Denied.

27. Admitted in part, denied in part. It is admitted only that Officer Howell placed Plaintiff in handcuffs. The balance of the allegations contained in this Paragraph refer to a Defendant other than Answering Defendant and are therefore

denied.

28. Denied.

29. Denied.

30. Admitted in part, denied in part. It is admitted only that Officer Howell arrested the Plaintiff. Plaintiff was transported to the prison by another law enforcement. The balance of the allegations are denied.

31. Admitted.

32. Admitted.

## COUNT I
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. §1983
### (Plaintiff v. Defendant Howell and Defendant Restrepo)

33. Answering Defendant incorporates his responses to Paragraphs 1-32 as though fully set forth herein.

34. Admitted. By way of further response, it is specifically denied that Answering Defendant violated the Fourth or Fourteenth Amendment.

35. Admitted. By way of further response, it is specifically denied that Answering Defendant violated the Fourth Amendment.

36. Admitted. By way of further response, it is specifically denied that Answering Defendant violated the Fourth Amendment.

37. Denied.

38. Denied. The allegations contained in this Paragraph refer to a

Defendant other than Answering Defendant and are therefore denied.

39. Denied.

40. Denied.

## COUNT II
## VIOLATION OF THE FOURTH AMENDMENT FOR
## FAILURE TO INTERVENE
## 42 U.S.C. §1983
## (Plaintiff v. Defendant Kreiser)

41. Answering Defendant incorporates his responses to Paragraphs 1-40 as though fully set forth herein.

42-46. Denied. The allegations contained in this Count pertain to a Defendant other than Answering Defendant; therefore, the allegations are specifically denied.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT FOR
## SUPERVISORY LIABILITY
## 42 U.S.C. §1983
## (Plaintiff v. Defendant Carter)

47. Answering Defendant incorporates his responses to Paragraphs 1-46 as though fully set forth herein.

48-50. Denied. The allegations contained in this Count pertain to a Defendant other than Answering Defendant; therefore, the allegations are specifically denied.

51. Admitted in part, denied in part. It is admitted only that Officers

Howell and Restrepo are named parties in another pending lawsuit that involves allegations of excessive force. All such claims in that lawsuit are denied. The balance of the allegations in this paragraph are denied.

52-58. Denied. The allegations contained in these paragraphs refer to other parties and are denied.

**COUNT IV**
**ASSAULT AND BATTERY**
**Pennsylvania Common Law**
**(Plaintiff v. Defendant Howell and Defendant Restrepo)**

59. Answering Defendant incorporates his responses to Paragraphs 1-58 as though fully set forth herein.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

**PRAYER FOR RELIEF**

**WHEREFORE,** Answering Defendant Marc Howell denies any and all liability to the Plaintiff and demands judgment in his favor, together with costs and reasonable attorneys' fees.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff's Complaint fails to state any claim upon which relief may be

granted.

## Second Affirmative Defense

Plaintiff's Complaint and each cause of action therefore fails to set forth facts sufficient to state a claim upon which relief may be granted against Police Officer Marc Howell, and further fails to state facts sufficient to entitle Plaintiff to relief sought.

## Third Affirmative Defense

Officer Marc Howell asserts every defense available to him in the existing Civil Rights Act, 42 U.S.C. §1983, and all applicable state and federal laws.

## Fourth Affirmative Defense

At all times material to this litigation, Plaintiff was treated in a proper and lawful manner in accordance with the laws of the Commonwealth of Pennsylvania and the United States of America.

## Fifth Affirmative Defense

Plaintiff fails to state a claim pursuant to 42 U.S.C. §1983 upon which relief can be granted.

## Sixth Affirmative Defense

Plaintiff's injuries, suffering and/or damages if any were caused by his own conduct, negligence, recklessness, disregard, or other behavior and not in any way by the conduct of Police Officer Marc Howell.

### Seventh Affirmative Defense

Plaintiff's injuries, suffering and/or damages if any were caused by the conduct, negligence, recklessness, disregard, or other behavior of parties over whom Police Officer Marc Howell had no control and no right to control, and were not caused in any way by his conduct.

### Eighth Affirmative Defense

No action or omission by Police Officer Marc Howell was a proximate cause or legal cause of any damage allegedly sustained by the Plaintiff, and this constitutes a complete defense to the causes of action stated in the Complaint.

### Ninth Affirmative Defense

Police Officer Marc Howell asserts that the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 et seq. Acts are a bar to Plaintiff's claim.

### Tenth Affirmative Defense

Police Officer Marc Howell asserts all defenses, immunities and limitations of causes of action and/or damages available to him under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 et seq.

### Eleventh Affirmative Defense

Police Officer Marc Howell asserts all common law, statutory and qualified immunity to which he may be entitled.

### Twelfth Affirmative Defense

At all times material hereto, Police Officer Marc Howell's actions did not violate Plaintiff's civil rights.

### Thirteenth Affirmative Defense

Police Officer Marc Howell has no direct responsibility and no affirmative part in depriving Plaintiff's constitutional rights. *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (citing *Rizzo v. Goode*, 423 U.S. 362, 376-77, 96 S.Ct. 598, 46 L.Ed. 561 (1976)). "[A] Section 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial." *Id*. at 292.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

**WHEREFORE,** Answering Defendant Marc Howell demands a judgment in his favor and against Plaintiff, along with costs, attorneys' fees, and such other relief that this Honorable Court deems just.

**LAMB McERLANE PC**

*/s/ Christopher P. Gerber*
Christopher P. Gerber
Attorney ID No. 76449
24 E. Market Street, PO Box 565
West Chester PA, 19381
cgerber@lambmcerlane.com

*Attorneys for Defendant, Marc Howell*